{¶ 27} I concur in the majority's analysis and disposition of appellant's first assignment of error. However, I respectfully dissent from the majority's analysis and disposition of appellee's second assignment of error.
 {¶ 28} Absence from the majority's recitation of the facts is appellee had actual notice of the spec construction contract between appellant and the builders, including the third addendum thereto, before it issued the loan to the builders and before it recorded its mortgage. Though appellant was the "vendor" with respect to the third addendum, appellant was still a vendee with respects to payments already made under the spec construction contract prior to the recording of appellee's mortgage. Because appellee had actual notice of appellant's payments to the builders under that contract, appellant acquired an equitable lien as to those payments as recognized in Wayne Building andLoan Company v. Yarborough (1967), 11 Ohio St.2d 195.
 {¶ 29} Accordingly, I would sustain appellant's second assignment of error.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed. Costs to appellant.